## LUDLOW v. GROTON BRIDGE CO.

(Circuit Court, Tompkins County. November, 1895.)

INJURY TO EMPLOYE—NEGLIGENCE OF FOREMAN.

Where a master has furnished two kinds of cars, or trucks, with side bars therefor, negligence of the foreman in using one, rather than the other, and omitting to use the side bars, resulting in injury to an employé, will not be attributed to the master.

Action by C. Lavern Ludlow against the Groton Bridge Company for injury received by plaintiff, while in defendant's employ, through the alleged negligence of Mr. Hemmingway, foreman of defendant's shop. Judgment of nonsuit.

Smith & Dickinson, for plaintiff.
S. D. Halliday, for defendant.

SMITH, J. (orally). I have taken some pains to examine this question. There is a case where a foreman had charge of removing a hatchway. He had the sole right to employ and discharge men. The hatchway could be safely removed only by two or three persons acting together. The foreman ordered one person to remove the hatchway, and, although he was foreman in charge of the work, his act was held to be the act of a fellow servant. There is another case where there had been some blasting of rocks, and a foreman was in charge of the blasting, and one of the fuses did not go off, and the foreman directed his men to proceed, nevertheless, to work near where this fuse was. Afterwards the fuse did go off, and injured the parties. Although they were working directly under the charge of the foreman, and he had the sole charge of the work, and although the master's duty to furnish a safe place to work, it was held that, where the place was rendered unsafe by the negligent act of a fellow servant, that was not the act of the master, for which he could be held responsible; and it was held that the foreman was a fellow servant. There is another case where a foreman who had charge of men, and of placing them and directing them, had put a man under an embankment to work, which embankment was unsafe, and which the foreman had reason to believe was unsafe, because it had been made unsafe by the acts of the foreman himself; and it was held that notwithstanding the act of the foreman and his having charge of the location of the men, and its being the duty of the master to furnish a safe place to work, his act was not the act of the master, but was the act of a fellow servant. The later cases have all established the rule that it matters not what may be the position of the servant, whether high or low, whether a foreman or a mere day laborer, his act is not to be judged by the position as representing the master or representing a coservant, but whether he be the master or a coservant; whether he be the alter ego of the master or a coservant is to be determined by the acts done. So far as furnishing safe apparatus is concerned, the act of the humblest mechanic who furnishes the apparatus is the act of the master. In the

Cortland Case [1] the engine had become unsafe, and it required to be repaired, and a mechanic was employed to repair it; and his negligence I held there to be the negligence of the master, because it was in the performance of a duty which the master owed, and that duty was to furnish safe machinery, and a safe place to work. It has become settled, however, now, that if a master has furnished competent servants and safe machinery, the use of that machinery, however negligent, and by whomsoever used, is not attributable to the master. I think the same case practically establishes that. But, whether it does or not, there are cases, and many cases, which hold that very conclusively. In this case the master had furnished two cars,— two different kinds of cars or trucks,—the high truck and the low truck. It does not appear why one was used in preference to the other. He had also furnished the proper stakes or side bars to those trucks, but they were not used. It is impossible that a master himself can control the detail work of any corporation or any private business of any size. This injury arose from negligence which was connected with the detail work, and I am frank to say that, while this morning I was in some doubt, from the examination I have made my doubt has been removed, and I think there is no possible question, and that this case cannot be sustained, even if Mr. Hemmingway was negligent, which we will assume for the argument; for these cases hold that his negligence is not the negligence of the master, but is purely the negligence of a coservant. This is one of those unfortunate accidents which no one can be made to pay for; at least, no employer. Whatever liability there may be on the part of Mr. Hemmingway to this man I do not discuss, but, so far as the liability of this defendant to this plaintiff, I can find no such liability in the facts here proven. I assume that there is no proof in this case whatever to go to the jury upon the question of the competency of Mr. Hemmingway. I cannot see any proof that will make that an issuable fact, and the motion for nonsuit must therefore be granted.

[1] Ballard v. Hitchcock Manuf'g Co., 24 N. Y. Supp. 1101, 71 Hun, 582; affirmed without opinion by 40 N. E. 163.